**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:13CV-P128-M**

GAYLON LEE BETAR                                                                                    PLAINTIFF

v.

JOE BLUE *et al.*                                                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gaylon Lee Betar filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff filed an amended complaint (DN 8), which the Court will construe as a motion to amend. The Court **GRANTS** the motion to amend (DN 8). *See* Fed. R. Civ. P. 15(a)(1).

Plaintiff subsequently filed a letter indicating that he wished to assert additional claims against additional Defendants and asking the Court how to go about doing so. The Court entered an Order giving Plaintiff the opportunity to file a motion to amend the complaint and a proposed amendment within 30 days. Plaintiff did not file a motion to amend, and the Court therefore will consider only the original and amended complaint on initial review.

For the reasons stated below, the Court will dismiss the action upon initial screening.

**I.**

Plaintiff was a convicted inmate at the Hopkins County Detention Center (HCDC) at the time he filed the complaint. He has since been released from incarceration. He sues Joe Blue, Jailer of HCDC; Mike Lewis, an HCDC captain; Linda Reynolds, an HCDC guard; and Megan Banks, an HCDC nurse. He also sues Advance Medical, which he identifies as the "Medical Dept." at HCDC. He sues all Defendants in their individual and official capacities.

Plaintiff states, "All these defendants were involve in a test for drugs. They aware of the test and I was not allow to see my test are the results. My chain of custody and my test wasnt intact. I have the right to see the test and the results." Plaintiff reports that the test "was a trac test and the procedures is to send a positive trac test to the lab where the test would be tested by lab tech to determin the test is valid." He states, "I also ask the defendants to allow another test so I could prove my innocent." Plaintiff states, "Under law a stick test are trac test isn't admissible in Court of law. My chain of custody wasnt intact and my due process was violated."

Plaintiff further maintains that he asked to see the test results through a grievance and asked to see the lab results. He questions why Defendant Banks, the nurse who gave the test did not "follow the procedures of sealing the urine sample in bag that has a chain of custody form intact sent to lab. Why did Mrs. Banks pour the urine out and not send it to a lab for future testing." Plaintiff contends that "the Courts has agree that these test can't be use in the Courts." He further states, "The Jailer Joe Blue didnt make this problem right. Instead I was taken off the work crew and my 5 ½ months I earn working was taken." He maintains that his right "to a proper test was taken and my constitution rights have been stomp on."

As relief, Plaintiff seeks compensatory and punitive damages, injunctive relief in the form of "giving me my 180 days good time," and requests the Court to "make the Jail give the days Ive work back and my job back."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, Plaintiff seeks injunctive relief in the form of an order giving him back his 180 days good-time credit and giving him back his job. Because Plaintiff has been released from HCDC, his request for injunctive relief is moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after prisoner is no longer confined at the facility where alleged wrongdoing occurred). Therefore, his claims for injunctive relief fail to state a claim upon which relief may be granted and will be dismissed.

Secondly, his claim for monetary damages fails, as well. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held as follows:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, **a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (emphasis added). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied *Heck* in a challenge to a disciplinary proceeding where, as here, the prisoner-plaintiff lost good time credits. The Court held that *Heck* barred the prisoner's due process claims, which would have necessarily implied the invalidity of the conviction. Therefore, he could not bring his civil lawsuit until and unless the disciplinary conviction had resulted in a favorable termination to him, *i.e.*, the prison disciplinary conviction was reversed. *Id*. at 646. Furthermore, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court

reemphasized that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82.

Nothing in the complaint or amendment indicates that Plaintiff's disciplinary conviction had been reversed or otherwise invalidated. Therefore, Plaintiff's claims concerning his prison disciplinary action would necessarily imply the invalidity of his confinement and cannot be stated under § 1983. Accordingly, Plaintiff's claims fail to state claim upon which relief may be granted, and the complaint will be dismissed by separate Order

Date:   July 28, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.010

5